

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 31, 2023

**BY ECF & BY EMAIL**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    **Re:** *United States v. Timothy Mitchell,* **19 Cr. 843 (JGK)**

Dear Judge Koeltl:

    The Government respectfully submits this letter in advance of Timothy Mitchell's (the "defendant") sentencing scheduled for February 7, 2023, following his conviction by plea of guilty to one count of possessing a firearm and ammunition after having been previously convicted of a crime punishable by term of imprisonment greater than one year, in violation of Title 18, United States Code, Sections 922(g)(1).

    For the reasons set forth below, the Government respectfully submits that the sentence as calculated by the Government and the Probation Office ("Probation") under the United States Sentencing Guidelines ("Guidelines") of 120 months' imprisonment (the "Guidelines Sentence") would be sufficient but not greater than necessary to meet the purposes of sentencing.

**A.    Background**

    **1.    The Offense Conduct**

    In the evening of September 17, 2019, the victim in this case (the "Victim") sat on the bench directly outside of the lobby of the Morrisania Air Rights Housing Project located at 3125 Park Avenue next to another individual. (Presentence Report ("PSR") ¶ 15.) Alongside the Victim and his companion were several other individuals also socializing in the same close proximity. Then, at approximately 10:30 p.m., while people were still relaxing outside, coming home from the store, the defendant walked directly in front of the Victim and fired three gunshots directly into the Victim's body with a gun hidden in a black bag. PSR ¶ 15. The Victim crumpled and attempted to run away. The Victim's companion jumped up in fear; the other bystanders ducked and ran for cover. The defendant initially chased after the Victim. PSR ¶ 15. The defendant was caught a few blocks away, still in possession of the firearm, a revolver, with three spent shell casings and three remaining bullets. PSR ¶¶ 11, 19. The Victim was rushed to the hospital, where he was

found to have sustained two gunshot wounds to his upper left chest and a gunshot wound to his left leg.  PSR ¶ 23.

**B.      Discussion**

   **1.      Applicable Law**

As the Court is aware, the Guidelines continue to provide important guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  A "district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," and that range "should be the starting point and the initial benchmark" for the Court's sentencing determination.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *id.* at 46, they are not merely a "body of casual advice."  *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

Following the calculation of the applicable Guidelines range, a court then considers the seven factors outlined in 18 U.S.C. § 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law.  *Gall*, 552 U.S. at 50 & n.6.  In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)  to afford adequate deterrence to criminal conduct;
>
> (C)  to protect the public from further crimes of the defendant; and
>
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).  The Guidelines' relevance throughout the sentencing process stems in part from the fact that, while they are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives."  *Rita v. United States*, 551 U.S. 338, 348 (2007).  To the extent a court imposes a sentence outside the range recommended by the Guidelines, that court must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *Cavera*, 550 F.3d at 189 (quoting *Gall*, 552 U.S. at 46).

   **2.      A Guidelines Sentence is Reasonable and Appropriate in this Case**

The Government respectfully submits that the Guidelines Sentence of 120 months' imprisonment would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.  The Section 3353(a) factors most applicable here include the nature and seriousness

Page 3

of the offense, the need to afford adequate deterrence to criminal conduct, and the need to promote respect for the law.

The need to impose a sentence that reflects the seriousness of the defendant's conduct supports the imposition of the Guidelines Sentence. As described above, and as conceded by the defense submission, the defendant had a pre-meditated plan to shoot and kill the Victim. The circumstances of the shooting corroborate this premeditation. The defendant did not have any previous interaction with the Victim, and he did not discharge his firearm in the fit of passion. Rather, the defendant calmly walked up to the Victim as the Victim was sitting outside with a friend, and, without a word, fired shots into the Victim's upper chest—near the heart—using a gun that the defendant hid inside a black shoulder bag. The Victim luckily survived. But things could have ended very differently for the Victim.

Moreover, the defendant's actions showed a distinct lack of regard for human life in general. As described above, the Victim was not alone when the defendant approached him. The Victim was sitting elbow to elbow with another individual. And just steps away from the Victim were other people, likely residents of the building, just trying to enjoy an Autumn night. The fact that these people were there, that they could have been hurt, that they could have born witness to the defendant's crimes, did nothing to deter the defendant.

The Guidelines Sentence is warranted to reflect the seriousness of the conduct, and is necessary to promote respect for the law, and to show the general public that serious violent crimes as these will be seriously punished.

Furthermore, the sentence should reflect that the defendant's conduct in the offense was not an isolated incident. In 2009, the defendant was arrested for shooting an individual, also at close proximity, inside a store.[1] Commensurate with this very serious crime, the defendant was sentenced to 90 months' imprisonment. The defendant was released from incarceration in June 2017. By March 2019, less than two years after his release from this long prison term, and while still on parole, the defendant walked into an occupied, residential house in the middle of the night, when people are likely sleeping, and poured an ignitable fluid in the staircase between the first and second floors, causing a fire to flare up. The defendant's actions not only badly damaged the house, some of the residents on the first floor, including a pregnant woman, had to be taken to the hospital for observations. Despite the defendant's callous actions calculated to inflict damage, no one was injured in the arson. Less than three weeks later, the defendant walked up to a car parked in front of the same house he had previously set on fire, on a residential street in the Bronx, in the middle of the afternoon, half a block away from an elementary school, and nearly emptied a clip into the driver's seat of the car, seriously injuring the driver.

---

[1] As a point of clarification, the Government understands the defense submission to be saying that while the crime appeared to be an attempted robbery because the shooting victim in the 2009 incident was an employee at the store, the shooting was actually motivated by a personal conflict between the defendant and the victim. The Government does not have any evidence to dispute this.

Over and over again, the defendant showed a remarkable indifferent to human life. The instant offense was not a blip but rather just another violent shooting in a pattern of dangerous and homicidal behavior that spanned a decade, interrupted only by a hefty term of incarceration, which evidently was insufficient to deter the defendant. Accordingly, a Guidelines Sentence is necessary to deter the defendant and to protect the public.

The defense's submission discusses at length the difficulties in the defendant's childhood and his mental health challenges. 

In sum, the Guidelines Sentence would adequately balance the various considerations under Section 3553(a) and achieve the statute's stated objectives.

**C.  Conclusion**

    For the reasons set forth above, the Guidelines sentence of 120 months' imprisonment would be sufficient but no greater than necessary in this case.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By:      _/s/_
    Andrew Chan / Ni Qian
    Assistant United States Attorneys
    (212) 637-2364